### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | |
| ) | |
| GEORGE C. SNYDER, ) | No. 19-20828-CMB |
| ) | |
| Debtor. ) | Chapter 13 |
| ------------------------------------------------------) | |
| HOOD HOLDINGS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. |
| ) | |
| SHARON A. SNYDER, ) | |
| GEORGE C. SNYDER, and ) | |
| TAMMY SNYDER McCARL, ) | |
| ) | |
| Defendants. ) | |

### NOTICE OF REMOVAL

Hood Holdings Inc. ("HH"), as plaintiff in the Court of Common Pleas of Allegheny County, Pennsylvania (the "Court of Common Pleas"), Case No (the "Removed Case"), hereby remove the Removed Case to the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court").

**Entitlement to Removal.**

1. The Removed Case was commenced in the Court of Common Pleas Court on August 10, 2019. Debtor and Tammy McCarl Snyder received service on August 20, 2019. Based on information, Sharon Snyder received service in late August or early September, 2019, but the return of service has not yet been received from the Sheriff of Westmoreland County, Pennsylvania. Regardless, Sharon Snyder appeared in the action.

2. Unbeknownst to HH at the time of commencement of the civil action, on March 3, 2019, the debtor commenced Chapter 13 Case No. 19-20828-CMB before the United States Bankruptcy Court for the Western District of Pennsylvania. The filing of the bankruptcy

constitutes an Order for relief.  11 USC 301.

3. HH did not sue debtor as a creditor.  Rather, HH sued to declare a historical mortgage stemming from the late 1970s on a property it owns to be without lien effect.  HH alleges the mortgages maintain no lien effect, are not valid, or were satisfied.

4. HH is unable to fully use, develop, lease, or sell its property as a result of the liens and mortgages.

5. Debtor purportedly sold his interest in one of two of the historical mortgages; however, as to the other historical mortgage, no indication exists that debtor sold his interests.

6. Any valid historical mortgage that debtor constitutes property of the bankruptcy estate.  Therefore, this Court must determine the validity of the liens and the percentage of ownership, if any, that belongs to the bankruptcy estate.

7. The debtor did not list the mortgages on his schedules, perhaps because he realizes they hold no lien effect and cannot be collected on.  However, Debtor inferred an amendment of the schedules would be forthcoming.

8. The bankruptcy Case is a Chapter 13 case in which Ronda J. Winnecour is the trustee.

9. The Removed case is a case related to the Bankruptcy Case.  As such, the United States District Court for the Western District of Pennsylvania has jurisdiction of the Removed Case pursuant to 28 U.S.C. § 1334.  Therefore, pursuant to 28 U.S.C. § 1452, the Removed Case may be removed to the District Court.

10. Pursuant to 28 U.S.C. § 157, the District Court may refer the Removed Case to the bankruptcy judges for the district.  By its General Order, the District Court has referred to the bankruptcy judges for this district all cases including the Removed Case.

11. As permitted by Bankruptcy Rule 9027(a)(3), this Notice of Removal is being filed thirty days from commencement of the action.

**Core/Non-Core Status of Removed Case.**

12. The Removed Case is a core proceeding within the meaning of 28 U.S.C. § 157(b).

13. Pursuant to 28 U.S.C. § 157(c)(2), the Movants consent to the District Court's referral of the Removed Case to the Bankruptcy court to hear and determine and to enter appropriate orders and judgments, subject to review under 28 U.S.C. § 158.

14. Pursuant to Bankruptcy Rule 9027 (a)(1), the Movants do consent to the entry of final orders of judgments by the bankruptcy judge, subject to appeal pursuant to 28 U.S.C. 158.

**Process and Pleadings.**

15. This notice is accompanied by copies of all process, pleadings filed prior to removal, plus a copy of the docket sheet. Finally, the mortgages, assignments to debtor where applicable, assignment of one of the two mortgages by debtor to Tammy Snyder McCarl, and deed of HH are attached as well to make full disclosure.

**Filing in Superior Court.**

16. Promptly after the filing hereof, the undersigned shall file a copy of this notice with the Department of Court Records in the Court of Common Pleas.

Dated this 9th day of September, 2019.

  /s/ *J. Allen Roth, Esq.*
J. Allen Roth, Esq.
757 Lloyd Avenue #B
Latrobe, PA  15650
(724) 537-0939

ATTORNEY FOR PLAINTIFF, HOOD HOLDINGS, INC.