17423MO1/dmv/091919/092019/092319/092419/091519/092619/dmn/100119/jjs/100719

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | |
| ) | |
|     GEORGE C. SNYDER ) | No. 19-20828- CMB |
| ) | |
|     Debtor. ) | Chapter 13 |
| ------------------------------------------------------------) | |
| HOOD HOLDINGS INC., a Pennsylvania ) | Adversary Proceeding No. 19-02167 |
| Corporation, ) | |
| ) | |
|     Plaintiff, ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| TAMMY SNYDER McCARL, ) | |
| GEORGE SNYDER, and SHARON SNYDER, ) | |
| ) | |
|     Defendants. ) | |

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
## AND MOTION TO STRIKE

**I.**     **Introduction:**

    1.     Plaintiff Hood Holdings, Inc. ("Hood") initiated an action in the Court of Common Pleas of Allegheny County, Pennsylvania on August 10, 2019 titled as an "Action for Declaratory Judgment (Quiet Title)."

    2.     The Defendants are George Snyder ("George") and Sharon Snyder ("Sharon"), husband and wife, along with their daughter. Tammy Snyder McCarl ("Tammy").

    3.     Hood alleges that it purchased the "Property" at issue on April 11, 2007, which is identified as 261 Foster Road, North Versailles, Allegheny County, Pennsylvania.

    4.     Hood alleges that the Property is currently burdened by two mortgages, one held by George and Sharon and one held by Tammy.

1

5. Hood requests that the Court declare that Defendants' have no lien or mortgage and order the cancellation/satisfaction of the mortgages and enjoin the Defendants from making any claims related thereto. Alternatively to set the terms of the mortgages and, if any money is owed to Defendants, require Defendants to provide an accounting.

6. In addition, Hood requests attorney fees.

7. Hood removed this action on September 10, 2019.

8. When Hood filed the Complaint initiating the action, Hood did not attach the various deeds and mortgages referred to in its Complaint. This is a violation of PA. R.C.P. 1019(i). When Hood removed the Action to this Court, it filed the deeds and mortgages but, did not seek to amend its Complaint. Defendants utilize those documents in this motion.

**II.    The Timeline of Transactions and Documents:**

9. The Property:

   a. December 3, 1970: In Paragraph 7, Hood alleges that George and Sharon purchased the Property from John and Ruth Williams (the "Williams") and such was recorded with the Allegheny County Recorder of Deeds in Deed Book 4914, Page 729.

   b. October 24, 1974: George and Sharon sold the Property to Richard Grove, Ann Grove and John Usyk (the "Groves") for consideration and it was recorded with the Allegheny County Recorder of Deeds in Deed Book 5448, Page 13 on January 10, 1975. Alleged in Paragraph 8 of the Complaint. Exhibit A, (October 24, 1974 deed filed by Hood).

   c. April 11, 2007: The Groves sold the property to Hood for $630 and the sale is recorded at Allegheny County Recorder of Deeds Instrument Number 2007-10303. Alleged in Paragraph 12 of the Complaint. Exhibit B, April 11, 2007 quitclaim deed filed by Hood.

10. Mortgage 1:

   a. October 24, 1974: A mortgage was entered into on the Property ("Mortgage 1") in the Allegheny County Recorder of Deeds Mortgage Book 5451, Page 628 and recorded on January 10, 1975 between the Groves as mortgagors and the Williams as mortgagees. The mortgage recites consideration. Exhibit C, Mortgage 1, filed by Hood.

   b. In Paragraph 9 Hood incorrectly alleges "Mortgage 1" was entered into by George and Sharon as mortgagors and the Williams as Mortgagees. George and Sharon are not parties to Mortgage 1. See Exhibit C, Mortgage 1 filed by Hood.

   c. May 9, 1978: George and Sharon were assigned Mortgage 1 from the Williams, which was recorded at Allegheny County Recorder of Deeds Mortgage Book 6594, Page 443 on May 22, 1978. The Assignment of Mortgage 1 recites consideration. The assignment is alleged in Paragraph 11 of Hood's complaint and the document contains the foregoing information. Exhibit D, assignment of Mortgage 1, filed by Hood.

11. Mortgage 2:

   a. October 24, 1974: A second mortgage ("Mortgage 2") was entered into by the Groves as mortgagors and George and Sharon as mortgagees at Allegheny County Recorder of Deeds Mortgage Book 5451, Page 630 and recorded on January 10, 1975. The mortgage recites consideration. Exhibit E (Mortgage 2 filed by Hood). Mortgage 2 is alleged in Paragraph 10 of Hood's complaint.

   b. September 30, 2011: George and Sharon assigned Mortgage 2 to Tammy in exchange for $36,000 which was recorded at the Allegheny County Recorder of Deeds Instrument 2011-80502 on that same date and recites consideration of $36,000. This assignment is alleged in Paragraph 15 of Hood's complaint. Exhibit F, filed by Hood.

### III. Legal Standards:

12. This case was removed from the Court of Common Pleas of Allegheny County Pennsylvania and there is no federal question. Thus, Pennsylvania substantive law applies to this case. Federal and Bankruptcy procedural law applies to this case USCS Bankruptcy R 9027(g), R7007-7009.

13. A court should dismiss a complaint for failure to state a claim if it fails to allege sufficient facts to state a claim. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). Conclusory or barebones allegations will not survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3rd Cir. 2009) citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

14. Pursuant to Pennsylvania law a mortgage duly executed will be presumed valid until the contrary is shown and the burden of proof is upon the party attacking the validity. *Humphreys v. Wells Fargo Bank*, NA., 2015 Pa. Dist. & Cnty. DEC. LEXIS 10132 (Northhampton County, 2015) citing *Pitti v. Pocono Bus. Furniture*, Inc. 859 A.2d. 523 (PA. Commw. 2004).

15. A mortgage is valid on its face if it clearly states that it is a mortgage, "acknowledged or proved and recorded within six months after the date thereof, where such lands lie." 21 P.S. 621.

16. Pennsylvania does not permit attorney fees and costs unless specifically permitted by statute or some other established exception. *Lavelle v. Koch*, 617 A.2d 319, (Pa. 1992). There is no such statute or exception permitting the award of attorney fees in quiet title actions such as

this and Hood has not pled any facts or legal theory that would allow for an award of attorney's fees or costs.

**IV.     Hood Fails to State a Claim Upon Which Relief can be Granted:**

    **A.     Mortgage 1:**

17.     Hood alleges that in 1978 George and Sharon satisfied Mortgage 1 without any pleading or proof therefor but that instead of satisfying the mortgage, they had the Williams assign it to them.

18.     However, because George and Sharon were not parties to Mortgage 1, they could not satisfy the mortgage and had no right to do so. See Exhibit C filed by Hood.

19.     Mortgage 1 is valid on its face as it was signed and filed within 6 months thereof.

20.     The assignment of Mortgage 1 is valid on its face as it was signed and filed within 6 months thereof and recites consideration.

21.     Hood has failed to make any claim that would invalidate Mortgage 1 or entitle it to quiet title.

    **B.     Mortgage 2:**

22.     Hood alleges "upon information and belief" the purpose of the assignment of Mortgage 2 was to cloud title to the property and avoid attachment of the mortgages to George and Sharon who were judgment tax debtors.

23.     Hood alleges that Tammy did not pay George and Sharon and even if she did, she only replaces them as a party in interest.

24.     Mortgage 2 is valid on its face as it is signed and was filed within 6 months thereof.

25. The assignment of Mortgage 2 is valid on its face as it was signed and filed within 6 months thereof.

26. Hood has not alleged any facts that would invalidate Mortgage 2.

**C.    Mortgages 1 and 2:**

27. Hood alleges the passage of time should compel the Court to quiet title to the Mortgages.

28. Hood alleges the Mortgages were recorded for an improper purpose, because George and Sharon desired to dissuade creditors from seizing or placing a lien on the Property.

29. The mortgages and assignments are facially valid and, Hood has not pled facts or any legal theory to support its claim for relief.

**V.    Motion to Strike:**

30. There is no statute or established rule of court that entitles Hood to attorney fees in this action.

**VI.    Conclusion:**

31. Hood's complaint fails to plead a cause of action to quiet title and should be dismissed with prejudice.

32. If not dismissed in its entirety, Hood's demand for attorney fees should be stricken.

    Respectfully Submitted,

    MAURICE A. NERNBERG & ASSOCIATES

    By: /s/David M. Nernberg
        David M. Nernberg
        301 Smithfield Street
        Pittsburgh, PA 15222
        412-232-0334
        dmn@nernberg.com
        Pa.I.D. No. 205631