17423MO1/dmn/091919/092019/092319/092419/091519/092619/dmn/100119/jjs/100719

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     GEORGE C. SNYDER | ) | No. 19-20828- CMB |
| | ) | |
|     Debtor. | ) | Chapter 13 |
| -------------------------------------------------- | ) | |
| HOOD HOLDINGS INC., a Pennsylvania Corporation, | ) ) | Adversary Proceeding No. 19-02167 |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| TAMMY SNYDER McCARL, GEORGE SNYDER, and SHARON SNYDER, | ) ) | |
| | ) | |
|     Defendants. | ) | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
AND MOTION TO STRIKE**</u>

**I.     Introduction:**

Plaintiff, Hood Holdings, Inc. ("Hood") initiated an action in the Court of Common Pleas of Allegheny County, Pennsylvania on August 10, 2019 titled as an "Action for Declaratory Judgment (Quiet Title)" (the "Complaint"). The Defendants are George Snyder ("George") and Sharon Snyder ("Sharon"), husband and wife, along with their daughter, Tammy Snyder McCarl ("Tammy"). Hood alleges that it purchased the "Property" at issue on April 11, 2007 which is identified as 261 Foster Road, North Versailles, Allegheny County Pennsylvania. Hood alleges that the Property is currently burdened by two mortgages, one held by George and Sharon and one held by Tammy.

Hood requests that the Court declare that Defendants' have no lien or mortgage and order the cancellation/satisfaction of the mortgages and enjoin the Defendants from making any claims

related thereto. Alternatively, to set the terms of the mortgages and, if any money is owed to Defendants, to require Defendants to provide an accounting. In addition, Hood requests attorney fees.

Hood's Complaint fails to allege a cause of action to quiet title to the Mortgages and assignments thereof as no legal theory to grant such relief is supported because the mortgages and assignments are facially valid pursuant to Pennsylvania law. Hood has not alleged any facts to rebut the validity.

**II.    The Timeline of Transactions and Documents:**

The timeline begins on December 3, 1970 when Hood alleges that George and Sharon purchased the Property from John and Ruth Williams (the "Williams") and such was recorded with the Allegheny County Recorder of Deeds in Deed Book 4914, Page 729. Next, Hood alleges that on October 24, 1974 George and Sharon sold the Property to Richard Grove, Ann Grove and John Usyk (the "Groves"). The deed filed by Hood indicates it was sold for consideration of $95,000 and was recorded with the Allegheny County Recorder of Deeds in Deed Book 5448, Page 13 on January 10, 1975. Exhibit A.

On that same date several Mortgages were entered into. Hood alleges that on October 24, 1974 George and Sharon as mortgagors entered into a mortgage with the Williams as mortgagees ("Mortgage 1"). However, the Mortgage 1 document filed by Hood proves this allegation untrue as it recites that Mortgage 1 was entered into by the Groves as mortgagors and the Williams as mortgagees in the Allegheny County Recorder of Deeds in Mortgage Book 5451, Page 628 and recorded on January 10, 1975. Mortgage 1 recites consideration and, neither George nor Sharon are parties. Exhibit C.

Hood alleges that on that same date, October 24, 1974, a second mortgage ("Mortgage 2") was entered into by the Groves as mortgagors and George and Sharon as mortgagees and is recorded at the Allegheny County Recorder of Deeds in Mortgage Book 5451, Page 630 on January 10, 1975. Mortgage 2 recites consideration and was filed by Hood in this action. Exhibit E. Thus, the Groves essentially gave two mortgages on the Property, one to the Williams (Mortgage 1) and one to George and Sharon (Mortgage 2).

Hood alleges that on May 9, 1978 George and Sharon were assigned Mortgage 1 from the Williams, which was recorded at Allegheny County Recorder of Deeds in Deed Book 6594, Page 443 on May 22, 1978. The Assignment of Mortgage 1 was filed by Hood in this action and recites consideration and requires payments by George and Sharon to the Williams. Exhibit D.

Hood alleges that on April 11, 2007 The Groves sold the property to Hood and the sale is recorded at Allegheny County Recorder of Deeds Instrument Number 2007-10303. The deed recites consideration of $630. Exhibit B (Deed filed by Hood). Finally, Hood alleges on September 30, 2011 George and Sharon assigned Mortgage 2. The assignment filed by Hood recites consideration of $36,000 paid by Tammy and was recorded at the Allegheny County Recorder of Deeds Instrument 2011-80502 (on September 30, 2011). Exhibit F.

**III.    Hoods Allegations in Support of Relief:**

Hood essentially requests the Court declare the mortgages and assignments either invalid or of no effect on the Property and to declare that none of the Defendants maintain any interest in the Property. Hood does not cite any legal theory or give any legal rationale for this request. Instead, Hood makes vague allegations of fraud against the government or other creditors on the part of George and Sharon.

For instance (Refer to Complaint):

- Paragraph 11 states based upon Hood's information and belief (without any facts alleged) George and Sharon satisfied Mortgage 1, but, instead of filing the satisfaction, they caused the Williams to assign it to them (however, George and Sharon were not parties to Mortgage 1 and, could not have satisfied it, the documents filed by Hood evidence Mortgage 1 and its assignment by the Williams to George and Sharon for consideration);

- Paragraph 16 states based on Hood's information and belief (without any facts alleged) the assignment of Mortgage 2 to Tammy was to cloud the property and avoid attachment of the mortgages by the United States Government because George and Sharon were tax debtors;

- Paragraph 17 states based on Hood's information and belief (without alleging any facts) that Tammy did not pay George and Sharon the consideration recited in the Mortgage 2 assignment and, even if money did change hands[1], Tammy cannot enforce Mortgage 2;

- Paragraph 18 states that 45 years have passed since the mortgages were entered into without any collection or foreclosure demands or other activity occurring on the accounts. Of course, this is at odds with the documents filed by Hood and its own allegations as both Mortgage 1 and Mortgage 2 were assigned and, the assignments recite consideration, further, that it purchased the property by quitclaim deed and then waited 12 years to request relief;

---

[1] While one is permitted to plead in the alternative, if Hood has information that not consideration was paid, it should allege those facts, Hood cannot have it both ways.

4

- Paragraph 21 states the mortgages were made without consideration (based on information) to dissuade creditor collection efforts without alleging any facts supportive thereof.

### III. Legal Standards:

This case was removed from the Court of Common Pleas of Allegheny County, Pennsylvania and there is no federal question. Thus, Pennsylvania substantive law applies to this case. Federal and Bankruptcy procedural law applies to this case USCS Bankruptcy R 9027(g), R7007-7009. A court should dismiss a complaint for failure to state a claim if it fails to allege sufficient facts to state a claim. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). Conclusory or barebones allegations will not survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3rd Cir. 2009) citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A mortgage duly executed will be presumed valid until the contrary is shown and the burden of proof is upon the party attacking the validity. *Humphreys v. Wells Fargo Bank, NA.*, 2015 Pa. Dist. & Cnty. DEC. LEXIS 10132 (Northhampton County, 2015) citing *Pitti v. Pocono Bus. Furniture, Inc.* 859 A.2d. 523 (PA. Commw. 2004). A mortgage is valid on its face if it clearly states that it is a mortgage, "acknowledged or proved and recorded within six months after the date thereof, where such lands lie." 21 P.S. 621.

Pennsylvania does not permit attorney fees and costs unless specifically permitted by statute or some other established exception. *Lavelle v. Koch*, 617 A.2d 319, (Pa. 1992). There is no such statute or exception permitting the award of attorney fees in quiet title actions such as

this and Hood has not pled any facts or legal theory that would allow for an award of attorney's fees or costs.

**V.    Hood Fails to State a Claim Upon Which Relief can be Granted:**

    **A.    Mortgages 1 and 2:**

Hood alleges that in 1978 George and Sharon satisfied Mortgage 1 without any pleading or proof therefor but that instead of satisfying the mortgage, they had the Williams assign it to them. However, because George and Sharon were not parties to Mortgage 1, they could not satisfy the mortgage and had no right to do so. See Exhibit C filed by Hood.

Hood also generally alleges that Mortgages 1 and 2 are invalid because they were made without consideration to frustrate creditors without any factual allegations in support thereof. And, that the passage of time without any action somehow invalidates Mortgages.

However, Mortgages 1 and 2 are facially valid as they was signed and filed within 6 months. They also recite consideration. In addition, action was taken on the Mortgages, they were assigned and consideration was paid. Because Hood has failed to allege facts to support the relief it seeks and the Mortgages are facially valid, its claims must be dismissed.

    **B.    Assignments of Mortgages 1 and 2:**

The assignment of Mortgages 1 and 2 are facially valid as the documents filed by Hood and Hood's own allegations show the assignments were signed and filed within 6 months. Hood's allegations of some vague fraud and failure of consideration are not supported by any factual allegations. And, if fraud is somehow being alleged, it is unclear how it would invalidate the mortgages (without any allegations in support thereof). Because the assignments are facially valid, and Hood has failed to allege facts in support of the relief it seeks, its claims must be dismissed.

**VI.    Motion to Strike:**

There is no statute or established rule of court that entitles Hood to attorney fees in this action. Thus, if not dismissed in its entirety, Hood's claim for attorney fees must be stricken.

**VII.   Conclusion:**

Hood's complaint fails to state a claim and should be dismissed with prejudice. If not dismissed in its entirety, Hood's demand for attorney fees should be stricken.

Respectfully Submitted,

MAURICE A. NERNBERG & ASSOCIATES


By: /s/David M. Nernberg
    David M. Nernberg
    301 Smithfield Street
    Pittsburgh, PA 15222
    412-232-0334
    dmn@nernberg.com
    Pa.I.D. No. 205631

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| FOREST HIGHLANDS COMMUNITY ASSOCIATION | CIVIL DIVISION |
| Plaintiff, | No. G.D. 15-021806 |
| v. | |
| STONE FOX CAPITAL, LLC | |
| Defendant. | |

**FOREST HIGHLAND COMMUNITY ASSOCIATION'S RESPONSE TO STONE FOX CAPITAL'S EXCEPTIONS TO DISTRIBUTION OF SHERIFF'S SALE OF STONE FOX CAPITAL LLC**

Filed on behalf of: Forest Highlands Community Association, Plaintiffs.

Counsel of Record for This Party:

Maurice A. Nernberg
Pa. I.D. No. 00127

MAURICE A. NERNBERG
& ASSOCIATES
301 Smithfield Street
Pittsburgh, PA 15222
(412) 232-0334

Firm No. 331